# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

INTERSTATE GAS SUPPLY, INC. D/B/A : No. 292 MAL 2023
IGS ENERGY, NRG ENERGY, INC. AND :
SHIPLEY CHOICE LLC D/B/A SHIPLEY :
ENERGY, : Petition for Allowance of Appeal
                                    : from the Order of the
            Petitioners : Commonwealth Court
                                    :
                                    :
            v. :
                                    :
                                    :
PUBLIC UTILITY COMMISSION, :
                                    :
            Respondent :

## <u>ORDER</u>

**PER CURIAM**

      **AND NOW**, this 5th day of March, 2024, the Petition for Allowance of Appeal is

**GRANTED**. The issue, as stated by Petitioners, is:

> Contrary to the plain language and intent of . . . Section 1502 [of the Public Utility Code], 66 Pa. C.S. § 1502—which prohibits a public utility from granting *any* advantage to any person or corporation, or subjecting *any* person or corporation to a disadvantage—and Section 2804(6) [of the Competition Act], 66 Pa. C.S. § 2804(6)—which requires monopoly [e]lectric [d]istribution [c]ompanies like [Metropolitan Edison Company, Pennsylvania Electric Company, Pennsylvania Power Company, and West Penn Power Company] ("EDCs") to provide distribution service to [e]lectric [g]eneration [s]uppliers ("EGSs") like [P]etitioners on "rates, terms of access and conditions that are comparable to the utility's own use of its system"— did the Commonwealth Court err as a matter of law by upholding the [Public Utility Commission's (PUC)] interpretation of those sections to allow [the EDCs] to include charges for its own "side" products and services on its utility bills but exclude charges for the same or similar products offered by [P]etitioners, where the PUC long ago held billing to be a part of public utility distribution service?

Petitioners' Application for Leave to File Reply in Support of Petition for Allowance of Appeal is **DENIED**.